UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RODERICK CARMICHAEL,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 2:22-cv-00303-ACA-JHE |
| **WEXFORD HEALTH SOURCES, INC., et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Plaintiff Roderick Carmichael has filed a *pro se* amended complaint seeking monetary damages or injunctive relief under 42 U.S.C. § 1983 for violations of his civil rights. (Doc. 13). Mr. Carmichael named Wexford Health Services, Inc. ("Wexford"), Dr. Charles Hooper, and Nurse Ashley Finley as defendants in the amended complaint. (*Id.* at 2–4). Ms. Finley is the only defendant remaining in this action. (Docs. 15, 16).

On March 20, 2024, the magistrate judge entered a report recommending the court dismiss Mr. Carmichael's claims against Ms. Finley without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for want of service. (Doc. 28). Mr. Carmichael has filed objections to the report and recommendation. (Doc. 31).

Mr. Carmichael contends that Ms. Finley is "dodging service," and requests that the court "proceed in attempts to serve" Ms. Finley. (*Id.* at 1–2). Without any

supporting evidence, Mr. Carmichael speculates that Ms. Finley has intentionally evaded service of process. (*Id.*).

As noted in the magistrate judge's report and recommendation, the court directed Wexford—Ms. Finley's former employer—to notify the court of Ms. Finley's last known address. (Doc. 18 at 1). Wexford complied and the court directed the United States Marshals Service ("USMS") to serve an alias summons and the amended complaint on Ms. Finley at her last known address. (Docs. 25, 26). The USMS later certified that it was unable to locate Ms. Finley after making multiple attempts to serve her at that address. (Doc. 27).

The Eleventh Circuit Court of Appeals has held that dismissal for lack of service is appropriate if the court-appointed agent cannot perfect service after exercising "reasonable effort[s]." *See Richardson v. Johnson*, 598 F.3d 734, 739–40 (11th Cir. 2010). The court, through the USMS, has undertaken reasonable efforts to serve Ms. Finley without success. And because there is no indication that additional time will allow the court to locate and serve Ms. Finley, other factors, such as a statute of limitations bar, do not warrant extending the time to effect service. *See Lepone-Dempsey v. Carroll Cnty. Cmm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007) ("Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend time for service of process under Rule 4(m), it was incumbent upon the district court

2

to at least consider this factor."). Accordingly, Mr. Carmichael's objections are **OVERRULED**. (Doc. 31)

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, this action is due to be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve.

A final judgment will be entered.

**DONE** and **ORDERED** this July 17, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE